FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 01 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HINDS INVESTMENTS, L.P., | No. 10-15605 |
| Plaintiff - Appellee, | D.C. No. 1:07-cv-00703-LJO-GSA |
| PATRICIA MCLAUGHLIN, Trustee of the Thomas F. Hinds and Mary Jane Hinds Living Trust, | MEMORANDUM[*] |
| Plaintiff-counter-defendant - Appellee, | |
| v. | |
| ALBERT ANGIOLI; BURNELL ANGIOLI; MULTIMATIC CORPORATION; MULTIMATIC DRY CLEANING MACHINE CORPORATION; MULTIMATIC LLC; KIRRBERG CORPORATION; HOYT CORPORATION; R.R. STREET & CO., INC., | |
| Defendants, | |
| and | |
| TEAM ENTERPRISES, INC., | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

                Defendant-cross-claimant -
Appellant,

    v.

CSK AUTO, INC., DBA Kragen Auto
Parts; COOPER INDUSTRIES LTD,

                Third-party-defendant -
Appellees.

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted May 13, 2011
San Francisco, California

Before: O'SCANNLAIN and GOULD, Circuit Judges, and ST. EVE, District
Judge.[**]

    Team Enterprises, LLC ("Team") appeals the dismissal, pursuant to Federal

Rule of Civil Procedure 12(b)(6), of its third-party contribution claims against

Cooper Industries, LLC ("Cooper") and asserts that the district court erred in

denying it the opportunity to amend its complaint. Because the facts are known to

the parties, we repeat them only as necessary to explain our decision. We have

jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

_____

        [**] The Honorable Amy J. St. Eve, U.S. District Judge for the Northern
District of Illinois, sitting by designation.

Team seeks to hold Cooper liable as an "arrange[r]" under the Comprehensive Environmental Response, Compensation, and Liability Act. *See* 42 U.S.C. § 9607(a)(3). The district court properly found that Team's allegations, taken as true, are too far removed to attempt to impose arranger liability on Cooper. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). Team failed to allege facts showing that Cooper entered into a dry cleaning franchise agreement for the purpose of disposing of perchlorethylene or that Cooper exercised actual control over the disposal process. *See Team Enters., LLC v. W. Inv. Real Estate Trust*, No. 10-16916, — F.3d — (9th Cir. 2011); *see also Burlington N. & Santa Fe Ry. Co. v. United States*, 129 S. Ct. 1870, 1880 (2009).

The district court did not err in denying Team leave to amend its third-party complaint or in denying Team's motion for reconsideration.[1] Team argues that its

---

[1] Though Team styled its motion as a motion to alter, amend, or vacate judgment under Federal Rules of Civil Procedure 59(e) and 60(b), we agree with the district court that the motion is properly treated as a motion for reconsideration. *See Miller v. Transam. Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) ("The court will construe [a motion], however styled, to be the type proper for the relief requested.").

proposed additional allegations—including that Cooper provided a floor layout for Team's store and that Cooper inspected the facility before the store opened for business—would be sufficient to allege arranger liability. But Team does not contend that Cooper itself "hooked up the [dry cleaning equipment] to the sewer, . . . own[ed] the [dry cleaning equipment] used in Team's store, . . . owned or possessed the PCE that Team disposed of, [or] . . . made dumping wastewater down the drain a condition of its sales contract with Team." *Team Enters., LLC*, slip. op. at __. Because amendment would have been futile, the district court did not abuse its discretion in denying Team leave to amend. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (finding no error in denial of leave to amend where proposed amendments would have been futile).

**AFFIRMED.**

4